### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **C.A.,** an infant, by and through her Father and next friend, **GOLDEN ACHUMBA**, **ET AL.,** | * * * * * |
| Plaintiffs, | * * |
| v. | *   Case No.: RWT 09cv2159 |
| **AMERICAN HONDA MOTOR CO.,** **ET AL.,** | * * * |
| Defendants. | * * |

### MEMORANDUM OPINION

Before this Court is Plaintiffs' Motion To Amend Complaint and To Stay Jurisdictional Discovery in which Plaintiffs seek to add two additional defendants.  [Paper No. 31]  The addition of one of those defendants would destroy diversity and defeat federal jurisdiction. Because the equities favor the denial of joinder of a nondiverse defendant, the Court, by separate Order, will deny Plaintiffs' Motion as to joinder of the nondiverse defendant, but grant it as to joinder of the diverse defendant.

Plaintiffs initially filed suit in the Circuit Court for Prince George's County, Maryland, but Defendants removed the case to the District of Maryland on the basis of diversity. [Paper No. 1 & 2.]  Plaintiffs then filed a motion to remand the case to state court, arguing that the parties are nondiverse.  [Paper No. 11.]  On September 8, 2009, Defendants filed their opposition to Plaintiff's remand motion and requested discovery concerning jurisdictional issues. [Paper Nos. 19–20.]  By Order dated October 16, 2009, the Court granted Defendants' motion

and permitted the parties to engage in jurisdictional discovery regarding remand-related issues up to December 15, 2009.  [Paper No. 28.]

On November 12, 2009, Plaintiffs moved to amend their Complaint and to stay jurisdictional discovery, which Defendants oppose.  [Paper Nos. 31 & 37.]  Plaintiffs seek to add Honda Manufacturing of Alabama, LLC ("Honda Manufacturing") and Imported Cars of Maryland, Inc. ("Imported Cars") as defendants in this case.  See Pls' Mot. 2.  Honda Manufacturing manufactured and Imported Cars sold an allegedly defective Honda Odyssey to Plaintiffs.  Id. at 3.  Imported Cars is a Maryland corporation conducting business in Maryland, see id. at 5, whereas Honda Manufacturing is a foreign corporation with its principal place of business outside of Maryland, see Defs' Mot. 4.

Under Federal Rule of Civil Procedure 15(a), the "court should freely give leave [to amend a pleading] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Where a party's motion to amend a pleading involves the addition of defendants, Rule 15(a) is interpreted together with Federal Rule of Civil Procedure 20, which gives courts wide discretion concerning the permissive joinder of parties.  See Fed. R. Civ. P. 20(a)(2); see also Aleman v. Chugach Support Servs., Inc., 485 F.3d 206, 218 n.5 (4th Cir. 2007).  Rule 20 "should be construed in light of its purpose . . . to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits."  Aleman, 485 F.3d at 218 n.5 (quotation marks omitted). The court may deny joinder if it determines that addition of the party will result in prejudice, expense, or delay.  See id. (quotation marks omitted).  Yet, "[d]elay alone is an insufficient reason to deny leave to amend.  Rather, the delay must be accompanied by prejudice, bad faith, or futility."  Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999) (citation omitted).

It is under this framework that the Court evaluates Plaintiffs' motion to add Honda Manufacturing as a diverse defendant in this lawsuit.   Unquestionably, Plaintiffs delayed requesting joinder of Honda Manufacturing.  They knew or, at the very least, should have known the identity of the vehicle manufacturer at the time they filed the Complaint, which was nearly three years after the incident at issue in this case.  That being said, Plaintiffs' request to add Honda Manufacturing does not appear to have been made in bad faith, and Honda Manufacturing may be potentially liable under Plaintiffs' claims, rendering its addition as a defendant a non-futile amendment.  Furthermore, Defendants have not presented evidence or argument that they will be prejudiced by the addition of Honda Manufacturing as a defendant.  Therefore, the Court sees little reason to deny the addition of Honda Manufacturing as a defendant.

The framework for evaluating Plaintiff's motion to add Imported Cars as a defendant differs, however, because Imported Cars would be a nondiverse defendant.  When a plaintiff seeks to join a nondiverse defendant after the case has been removed, "the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e) (2006). Whether or not joinder is permitted is a decision within the sound discretion of the court.  See Mayes v. Rapoport, 198 F.3d 457, 462 (4th Cir. 1999).  When exercising that discretion, the court should "carefully scrutinize" attempts to add nondiverse defendants and balance the equities.  Id. at 463.  In so doing, the court is entitled to consider all relevant factors, including "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has been dilatory in asking for amendment, whether the plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities."  Id. at 462 (quotation marks omitted).

On balance, the relevant factors in this case favor a denial of joinder of the nondiverse defendant, Imported Cars.  First, the order of events and Plaintiffs' own statements suggest that the predominant purpose behind Plaintiffs' request to join Imported Cars is to destroy diversity jurisdiction.  Plaintiffs filed their motion less than one month after the Court's Order granting Defendants jurisdictional discovery, and less than one month before scheduled depositions.  Where "a plaintiff seeks to add a nondiverse defendant after removal but before any additional discovery has taken place, district courts should be wary that the amendment sought is for the specific purpose of avoiding federal jurisdiction."  Mayes, 198 F.3d at 463.  In their motion, Plaintiffs do not articulate reasons as to why the additional defendants are important and/or necessary for their case.  Instead, they repeatedly state that the effect of the amendment is to destroy diversity. See Pls' Mot. 1, 2& 5; see also Pls' Mot. for Protective Order 2 ("In light of the fact there is a high likelihood that this Court will grant Plaintiffs' Motion for Leave to Amend, it makes no sense to conduct jurisdictional discovery related to one Defendant when another Defendant automatically destroys diversity.").  Plaintiffs' predominant purpose in asking for the amendment appears to be the defeat of diversity.

Second, Plaintiffs have been dilatory in asking for the amendment.  According to Plaintiffs, they discovered that Imported Cars sold the Honda to Plaintiffs during their on-going investigation.  See Pls' Mot. 2.  They do not state, however, that they recently or just discovered Imported Cars's involvement in this case or that they could not have included Imported Cars in their original Complaint.  To the contrary, Defendants contend that "Plaintiffs have always known of the involvement of Imported Cars." See Defs' Mot. 6.  Putting aside when Plaintiffs' actually became aware of the involvement of Imported Cars in this case, the Court finds that they certainly should have been aware that Imported Cars sold the Honda Odyssey to Plaintiffs much

earlier than now.  The incident in question occurred on September 28, 2006, over three years ago.  Plaintiffs have had more than enough time to investigate their claim and to discover which entity sold the Honda Odyssey to Plaintiffs.

Third, Plaintiffs will not be prejudiced in a significant way if the Court denies the amendment.  Plaintiffs admitted that they are not introducing any new legal theories in the amendment.  See Pls' Mot. 3.  Instead, they are asking to add Imported Cars as a party that may be additionally liable under their already alleged claims.  If so, Plaintiffs can get complete relief without the addition of Imported Cars as a defendant.  While the Plaintiffs may be prejudiced to some extent by their inability to add a defendant which may be additionally liable under their claims, that prejudice is tempered by the fact that American Honda—the entity that appears to be the real party in interest—is already a defendant in this suit.

Lastly, Defendants will be prejudiced if the Court allows joinder of a nondiverse defendant.  Defendants have a keen interest in keeping this action in federal court, which should not be "easily overcome by tactical maneuvering by plaintiffs."  McKinney v. Bd. of Trs., 955 F.2d 924, 927 (4th Cir. 1992).  Moreover, Defendants have already expended significant time and resources on removal and jurisdictional discovery, including filing numerous motions and briefs and subpoenaing witnesses for depositions scheduled for December 4, 2009.  See Defs' Mot. 10.  In addition to the time spent and expense incurred by Defendants, the Court notes that it too has invested significant time and resources to this case.

Having balanced the equities, the Court concludes that Plaintiffs should not be allowed to add a nondiverse defendant at this time.  Accordingly, the Court will not permit Plaintiffs to add Imported Cars as a defendant.

Plaintiffs also filed a Motion for a Protective Order [Paper No. 36], in which they request a stay of jurisdictional discovery pending resolution of Plaintiffs' Motion for Leave To Amend Complaint and Stay Jurisdictional Discovery [Paper No. 31].  Because the Court will enter an order denying the addition of Imported Cars as a nondiverse defendant, Plaintiffs are not entitled to a protective order staying jurisdictional discovery.

For these reasons, the Court will, by separate order, grant in part and deny in part Plaintiffs' Motion To Amend Complaint and To Stay Jurisdictional Discovery [Paper No. 31] and deny Plaintiffs' Motion for a Protective Order [Paper No. 36].


Date:  December 1, 2009

                                                    /s/
                                    ROGER W. TITUS
                                    UNITED STATES DISTRICT JUDGE